IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LOFTY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-159 |
| | § | |
| McKELLY ROOFING, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY, IN PART, PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLEADINGS AND ADD NECESSARY PARTY**

Before the Court is plaintiff LOFTY, LLC's above-entitled motion filed March 2, 2018 [ECF 20]. By its motion, plaintiff requests leave, pursuant to Rules 15[1] and 20[2] of the Federal Rules of Civil Procedure, to file *Plaintiff's First Amended Complaint* (attached to plaintiff's motion)[3] adding Kevin Kelly ("Kelly"), individually, as a defendant in the lawsuit.[4] In its motion, plaintiff contends defendant did not produce discovery confirming Kelly performed the work at issue and received payments for said work until after the December 11, 2017 deadline to join parties. Plaintiff further contends that during Kelly's February 7, 2018 deposition, plaintiff discovered for the first time that Kelly (1) made oral misrepresentations to Mr. Darin Hudson ("Hudson"), plaintiff's owner, on behalf

[1]Governing "Amended and Supplemental Pleadings."

[2]Governing "Permissive Joinder of Parties."

[3]As defendant notes in its response, the proposed *Plaintiff's First Amended Complaint* references "Darin Hudson" as a plaintiff in the first sentence but does not identify Hudson as a party in the body of the document, nor does plaintiff's motion for leave address adding Hudson as a party.

[4]Kelly is the principal/owner/representative of defendant McKELLY ROOFING, LLC.

of defendant McKELLY ROOFING LLC ("McKELLY"); (2) personally performed work at the property at issue in this case; and (3) accepted payments for the work in question from plaintiff in his individual name. Plaintiff thus contends Kelly is a necessary party to this lawsuit and seeks "to join Mr. Kelly pursuant to Federal Rule of Civil Procedure 20(a)(2)."

The Rule 16 Scheduling Order deadline to join other parties, previously extended by the Court, was December 11, 2017. The deadline to amend pleadings was March 2, 2018, the date plaintiff filed the instant motion for leave to amend pleadings.

Plaintiff requests permission, *inter alia*, to amend its complaint to add an additional defendant. "A party cannot use a motion for leave to amend the pleadings as a device to circumvent the separate deadline for moving for leave to join parties. Such a reading of a scheduling order would effectively render meaningless the deadline for leave to join parties, because an amended pleading could be used to add parties." *Grant v. Rathbun, et al.*, 2016 WL 1750572 at *2 (N.D. Tex. May 3, 2016). Therefore, the undersigned will treat plaintiff's motion, as it pertains to adding Kelly as a party to this suit, as a motion for leave to join parties rather than as a motion to amend pleadings.

As a result, plaintiff was required, under the modified scheduling order, to move for leave to join Kelly as a party no later than the December 11, 2017 joinder deadline. To the extent plaintiff seeks to add a party through the filing of an amended complaint, the instant motion is untimely as it was filed March 2, 2018, almost three (3) months after the deadline for joining parties. Therefore, before the Court can consider the merits of plaintiff's request to join Kelly as a party, plaintiff must first show the scheduling order should be modified so as to allow the motion to join to be filed. *Cf. Architettura, Inc. v. DSGN Assoc. Inc.*, 2017 WL 3311197 at *2 (N.D. Tex. August 3, 2017).

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order may be modified "only for good cause and with the judge's consent." "The 'good cause' standard focuses on the diligence of

the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc*., 2009 WL 305994 at *1 (N.D. Tex. Feb. 9, 2009). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.; Price v. United Guar. Residential Ins. Co*., 2005 WL 265164 at *4 (N.D. Tex. Feb. 2, 2005) (*citing Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). "Instead, the movant must show that, despite her diligence, she could not reasonably have met the scheduling deadline." *Matamoros v. Cooper Clinic*, 2015 WL 4713201 at *2 (N.D. Tex. Aug. 7, 2015) (*citing S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A*., 315 F.3d 533, 535 (5th Cir. 2003)).

The Court must assess four factors when deciding whether to modify a scheduling order so as to allow an untimely motion under Rule 16(b)(4):

"(1) the explanation for the failure to timely [file the motion];

(2) the importance of the amendment;

(3) potential prejudice in allowing the amendment; and

(4) the availability of a continuance to cure such prejudice."

*S&W Enters*., 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted); *see also M-I L.L.C. v. Stelly*, 2012 WL 1555913 at *1 (S.D. Tex. May 1, 2012). The four factor consideration is holistic and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc*., 2009 WL 3294863 at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

Plaintiff did not address the Rule 16(b)(4) good cause standard in its motion for leave to amend pleadings and add a necessary party or in a reply to defendant McKELLY's response. "When a party files an untimely motion . . . and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel,* 2010 WL 2671316 at *3 (N.D. Tex. June 30, 2010)(*citing Serv. Temps*, 2009 WL 3294863 at *1).

Exceptions may be made, however, in cases where the movant did not address the Rule 16(b)(4) good cause standard but the grounds on which the movant relied to establish good cause were relatively clear.[5] Here, the grounds on which plaintiff relies are arguably sufficient to enable the Court to apply the four-factor test in order to determine whether plaintiff has met the good cause standard of Rule 16(b)(4) to amend the scheduling order to enable it to file its motion for leave to join a party.

With regard to the first factor, the explanation for the failure to timely file the motion to join, plaintiff contends it did not realize Kelly was a proper or necessary party until after defendant McKELLY confirmed it had received payments for the work here at issue and until plaintiff discovered, in Kelly's deposition, that he made oral misrepresentations to Hudson, personally performed some of the work at issue, and accepted payments in his own name for some of the work at issue. Plaintiff alleges that such discovery production and deposition was after the deadline for joinder had expired. Defendant argues plaintiff did not serve the discovery or notice the deposition that elicited this information until after the joinder deadline. Defendant further contends plaintiff was aware of Kelly's role in the events giving rise to its claims at or near the beginning of the suit. The undersigned finds plaintiff's explanation is inadequate. Plaintiff was aware, or through the exercise of due diligence should have been aware, of the above information prior to the expiration of the joinder deadline.

The second factor, the importance of the requested relief, also weighs against modifying the scheduling order to allow plaintiff's untimely joinder motion. Plaintiff offers no explanation for why it will not be able to fully recover the damages it seeks (and thus be made whole) by suing only

[5]*See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577 at *2 (N.D. Tex. June 10, 2014) ("[Movant] neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test."); *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820 at *2 (N.D. Tex. Mar. 11, 2009) ("[Movant] does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear.").

defendant McKELLY. Nor does plaintiff provide any other valid reason as to why joinder of Kelly as a defendant is necessary.

The third factor, potential prejudice to the defendant in modifying the scheduling order to allow the late joinder, is minimal as a new scheduling order will be entered in this case due to other matters not the subject of the instant motion. Similarly, the fourth factor, the availability of a continuance to cure any such prejudice, weighs in favor of modifying the scheduling order.

Even so, considering the above factors and all of the circumstances of this case, the undersigned finds plaintiff has not shown good cause to modify the scheduling order to join an additional party almost three (3) months after the joinder deadline.

In its proposed First Amended Complaint, plaintiff also seeks to add a new cause of action related to alleged negligent training and/or supervision. Further, the proposed First Amended Complaint specifies the acts of which plaintiff complains and clarifies plaintiff's existing allegations and causes of action. Consequently, to the extent plaintiff is timely seeking leave to file an amended complaint rather than to untimely join a party, the undersigned finds that plaintiff be given leave to re-submit its motion for leave to amend pleadings attaching a proposed first amended complaint identical to the one previously submitted, except that it should omit any reference to Kelly as an individual defendant and Mr. Darin Hudson as an individual plaintiff.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that *Plaintiff's Motion for Leave to Amend Pleadings and Add Necessary Party* [ECF 20] be DENIED, IN PART and GRANTED, IN PART, as set forth above.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 22, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).