IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LOFTY, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:17-CV-159-D-BR |
| § | |
| MCKELLY ROOFING, LLC, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PLAINTIFF LOFTY, LLC'S MOTION TO DISMISS ALL PENDING
CLAIMS WITHOUT PREJUDICE**

Before the Court is the Motion to Dismiss All Pending Claims Without Prejudice filed by Plaintiff Lofty, LLC. [ECF 64]. Defendant McKelly Roofing, LLC, filed a Response to the Motion, [ECF 70], to which the Plaintiff filed a Reply, [ECF 73]. The Defendant, with leave of Court, filed a Sur-Reply. [ECF 77]. This Court has reviewed all the arguments of the parties set forth in these documents. For the reasons explained below, the Court recommends that the Motion to Dismiss be denied.

### I. BACKGROUND

This case involves a breach of contract dispute over roofing construction services performed by the Defendant in 2015 and 2016. On July 12, 2017, the Plaintiff initiated this case in state court. [ECF 1 at A-3]. The Plaintiff alleged within its original petition that the parties entered into a contract in or about November of 2015 for the Defendant to provide roofing construction services on the Plaintiff's building. Under the contract, the Defendant allegedly agreed to tear off the existing roofing system of the building, install a new roofing system in

accordance with local code and ordinance requirements, and warranty the new roofing system for fifteen years. After beginning to work on the building, the Defendant allegedly abandoned the contract and refused to finish its obligations under the contract. Defendant's allegedly incomplete and negligent work led to leaks in over a dozen of the units within the building. The Plaintiff subsequently asserted breach of contract, Texas Deceptive Trade Practices Act ("DTPA"), and negligence claims against the Defendant. The Plaintiff seeks damages from the Defendant in excess of $200,000, but less than $1,000,000, and attorney's fees.

On August 25, 2017, the Defendant removed the case to the District Court for the Northern District of Texas. On August 6, 2018, almost one year later, the Plaintiff filed the Motion to Dismiss before the Court.[1]

## II. STANDARD OF REVIEW

The Plaintiff seeks to voluntarily dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "The primary purpose of Rule 41(a)(2) is to 'prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' " *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (quoting *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the

---

[1] The Court takes this opportunity to remind the parties that they are expected to agreeably disagree with one another. Even a cursory review of the docket indicates that a cautionary reminder to be civil is warranted at this juncture. The Court declines, however, to wade into the thicket of the parties' squabbles as set forth in their various filings and instead chooses to focus on the legal test applicable to the Motion to Dismiss before the Court.

non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (citing *Manshack*, 915 F.2d at 174). "When a court is faced with a Rule 41(a)(2) motion, it should 'first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice.' " *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) (quoting *Elbaor*, 279 F.3d at 317). "Important in assessing prejudice is the stage at which the motion to dismiss is made." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA*, 628 F.3d at 162.

    "Although the mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice, '[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal.' " *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (alteration in original) (quoting *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)). The Fifth Circuit has provided guidance on what constitutes a "late stage of pretrial proceedings" and a defendant's exertion of "significant time and effort" in the context of a Rule 41(a)(2) motion.

    That court has concluded that when a plaintiff moved to dismiss under Rule 41(a)(2) nine months after filing suit, after both sides had filed responsive pleadings, in addition to motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, as well as after the parties had attended several conferences for purposes of scheduling discovery, after the United States had declined to intervene in the suit, and after

plaintiff's counsel had been sanctioned by the district court for failure to participate in the discovery process, it was not an abuse of discretion to deny voluntary dismissal. *Doe*, 343 F.3d at 330. The Fifth Circuit has further determined that when the plaintiffs moved to dismiss under Rule 41(a)(2) more than a year after the case was removed, after months of filing pleadings, attending conferences, and submitting memoranda, and after a magistrate recommended a ruling adverse to their position, the lower court did not abuse its discretion in denying voluntary dismissal. *Davis*, 936 F.2d at 199. Finally, legal prejudice was demonstrated when a plaintiff moved to dismiss under Rule 41(a)(2) nearly ten months after the case was removed, after hearings were conducted on various issues, after significant discovery was had, after one defendant had already been granted summary judgment, and after a jury trial had been set for the remaining defendants; thus, it was not an abuse of discretion to deny voluntary dismissal. *Hartford*, 903 F.2d at 361. In contrast, when a plaintiff moved to dismiss under Rule 41(a)(2) only seven months after the case was removed, when no dispositive motions had been filed and when no depositions had begun, the trial court did not abuse its discretion by granting voluntary dismissal. *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010).

### III. ANALYSIS

The Plaintiff argues that the Defendant will not be legally prejudiced if the case is voluntarily dismissed without prejudice under Rule 41(a)(2). The Court disagrees. The Court concludes that the Defendant will suffer "legal prejudice" if the Court grants a voluntary dismissal for three interrelated reasons. First, this case is at a "late stage of pretrial proceedings." The case has been litigated in federal court for approximately one year. Since early 2018, the parties have filed:

| Filings by the Plaintiff | Joint Filings | Filings by the Defendant |
|---|---|---|
| Motion for Leave to Amend Pleadings and Add Necessary Party [ECF 20] | Joint Motion to Modify Expert Deadlines [ECF 13] | Unopposed Motion for Leave to File First Amended Answer [ECF 21] |
| Motion for Leave to Amend Expert Designation [ECF 26] | Joint Motion to Modify Scheduling Order [ECF 18] | Response to Motion for Leave to Amend Pleadings and Add Necessary Party [ECF 25] |
| Reply to Response to Motion for Leave to Amend Expert Designation [ECF 29] | Joint Motion Concerning Pending Motions [ECF 52] | Response to Motion for Leave to Amend Expert Designation [ECF 27] |
| Motion to Exclude or Limit Testimony of Gary Karrh [ECF 34] | | Motion for Summary Judgment [ECF 31] |
| Motion to Exclude or Limit Testimony of Steven H. Boyd, Jr. [ECF 35] | | Motion in Limine [ECF 41] |
| Response to Motion to Exclude or Limit Testimony of Neil Hall [ECF 49] | | Motion to Exclude Evidence [ECF 42] |
| Motion for Clarification of Recommendation Order [ECF 60] | | Motion to Exclude or Limit Testimony of Neil Hall [ECF 45] |
| | | Response to Motion for Clarification of Recommendation Order [ECF 61] |

The parties have also participated in both written and oral discovery, exchanging documents and taking several depositions, as well as a non-binding mediation, a status conference, and a hearing on the Motion for Leave to Amend Pleadings and Add Necessary Party and the Motion for Leave to Amend Expert Designation. Although the parties are not currently ready for adjudication on

the merits, minimal discovery, related to experts, remains in the case.[2] Although the Court cannot predict when the case will be set for trial by the District Judge, the parties have indicated that they will be ready for trial by March 1, 2019.[3] Simply put, this breach of contract, DTPA, and negligence case is well on its way to completion.

Second, the Defendant has clearly exerted "significant time and effort" litigating the case. The docket in this case currently contains more than seventy-five items. At least twenty of those items have been filed by the Defendant. The Defendant currently has three motions pending, [ECF 31, 42, 45], one of which is a Motion for Summary Judgment.[4] The Defendant has also retained expert witnesses in anticipation of trial. It is therefore unsurprising that the Defendant has expended a significant amount of time, effort, and money—more than $125,000 in expert witness and attorney's fees—litigating this case thus far. [ECF 72].

Third, the timing and circumstances indicate that the Plaintiff is very likely seeking to avoid the consequences of a prior sanctions ruling in the case.[5] In fact, Plaintiff filed a lawsuit in state court on August 2, 2018, prior to its filing of the instant motion to dismiss. [ECF 70 at 2]. This Court previously imposed sanctions on the Plaintiff in connection with the Court's ruling allowing the Plaintiff to late-designate four new non-retained expert witnesses. [ECF 56]. Those sanctions protect the Defendant from harm by:

(1) prohibiting the Plaintiff from filing any additional expert supplements;

---

[2] The Court notes that although the original Rule 16 Scheduling Order included a discovery deadline of March 2, 2018, [ECF 5], which was extended to April 3, 2018, [ECF 23], the parties have since proposed extending the discovery deadline to January 18, 2019, [ECF 65] in light of recent rulings.

[3] The Court notes that although the original Rule 16 Scheduling Order included a trial readiness deadline of April 23, 2018, [ECF 5], the parties have since proposed extending the trial readiness deadline to March 1, 2019, [ECF 65] in light of recent rulings.

[4] The Defendant has also filed a motion in limine, [ECF 41], which will be considered at the pretrial conference or at an earlier time determined by the District Court, [ECF 63].

[5] The Plaintiff is also most likely seeking to avoid the consequence of this Court's prior joinder ruling in which the Court denied the Plaintiff permission to join Kevin Kelly as an additional party in the case. [ECF 55]. However, the Court concludes that the prior joinder ruling is not directly relevant to this Court's analysis of whether Defendant will suffer legal prejudice if the case is voluntarily dismissed without prejudice, even though Mr. Kelly is the principal of McKelly Roofing, LLC.

    (2) prohibiting the Plaintiff, if it is the prevailing party at the conclusion of this case, from being awarded any costs or attorney's fees associated with the amended designation of and the deposition(s) of the late-designated experts; and

    (3) ordering the Plaintiff to reimburse the Defendant's reasonable and necessary costs and attorney's fees associated with any additional expert discovery upon written proof of those costs and fees.

If this Court were to dismiss the case, the Defendant—through no fault of its own—would lose the protection of the Court's prior sanctions ruling. For all of these reasons, the Court finds that the Defendant will suffer legal prejudice if the case is voluntarily dismissed without prejudice at this late stage of the pretrial proceedings. It is therefore recommended that the Plaintiff's Motion to Dismiss be denied.

***

The undersigned acknowledges that a new proposed scheduling order is pending in this case and that, as a result, the other pending motions and briefing schedule have been suspended by the Court. [ECF 53, 57]. However, the undersigned will not enter a new scheduling order until after such time as the District Judge considers and rules upon this Findings, Conclusions, and Recommendation.

## IV. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss [ECF 64] filed by the Plaintiff be denied.[6]

---

[6] If the Recommendation is adopted by the District Judge, then the parties will have fourteen days from the date of the order adopting the Recommendation to submit a new joint proposal for the remaining scheduling deadlines in the case.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 14, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).