IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LOFTY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-159-D-BR |
| | § | |
| MCKELLY ROOFING, LLC, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY WITHOUT PREJUDICE AS MOOT DEFENDANT MCKELLY ROOFING, LLC'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Summary Judgment filed by Defendant McKelly Roofing, LLC under Federal Rule of Civil Procedure 56. [ECF 31]. For the reasons explained below, the Court recommends that the Motion for Summary Judgment be DENIED without prejudice as moot.

### I. BACKGROUND

Plaintiff Lofty, LLC initiated this case by filing its Original Petition in the 108th Judicial District Court of Potter County, Texas, on July 12, 2017. [ECF 1 at Ex. 4]. Plaintiff's Original Petition brought breach of contract, Texas Deceptive Trade Practices Act ("DTPA"), and negligence claims against the Defendant. *Id.* On August 25, 2017, the Defendant removed the case to this Court. [ECF 1].

On March 2, 2018, the Plaintiff filed a Motion for Leave to Amend Pleadings and Add Necessary Party ("Motion for Leave to Amend") seeking leave to amend its Original Petition to add a new cause of action related to alleged negligent training and/or supervision, specify the

acts of which the Plaintiff complained, and clarify the Plaintiff's existing allegations and causes of action. [ECF 20]. By that Motion for Leave to Amend, the Plaintiff also sought leave to join an additional defendant. *Id.* On April 9, 2018, the Defendant filed the Motion for Summary Judgment pending before the Court. [ECF 31]. On June 22, 2018, the undersigned issued a Findings, Conclusions, and Recommendation which recommended that the Plaintiff be given leave to amend it Original Petition but denied leave to join an additional party. [ECF 55]. The District Judge adopted that Findings, Conclusions, and Recommendation. [ECF 62]. On August 9, 2018, the Plaintiff filed its First Amended Complaint. [ECF 68].

## II. ANALYSIS

An amended complaint, which supersedes the original complaint as the operative live pleading, generally renders moot a motion for summary judgment on the original complaint. *See, e.g.*, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions, including [the plaintiff's] motion for partial summary judgment, moot." (citing *King*, 31 F.3d at 346); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot."). However, a court may exercise its discretion to consider a motion for summary judgment on the original complaint where the amended complaint fails to cure the deficiencies of the original complaint. *See, e.g.*, *Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:16-CV-1034-D, 2017 WL 3279158, at *1 n.1 (N.D.

Tex. Aug. 2, 2017) (recognizing that a court may treat a motion for summary judgment directed to a superseded complaint as if it were addressed to the amended complaint where defects in the superseded complaint reappear in the amended complaint); *Methodist Hosps. of Dallas v. Wal-Mart Stores, Inc.*, No. CIV.A. 3:02-CV-0656-, 2003 WL 21266775, at *1 n.2 (N.D. Tex. May 30, 2003) (same).

The Court, having carefully reviewed the Plaintiff's First Amended Complaint and the Defendant's Motion for Summary Judgment on the Plaintiff's Original Petition, concludes that the Defendant's Motion for Summary Judgment should be denied as moot. However, because the Plaintiff was previously granted leave to amend its Original Petition, the undersigned recommends that a denial of the Defendant's Motion for Summary Judgment should be without prejudice. *See Nichols v. YJ USA Corp.*, No. 3:06-CV-02366-L, 2008 WL 11424331, at *3 (N.D. Tex. Feb. 15, 2008) (granting the plaintiff leave to amend his complaint and denying without prejudice several motions for summary judgment).

### III. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Defendant's Motion for Summary Judgment [ECF 31] be DENIED without prejudice as moot.

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 7, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).